RE: ADVERTISING OF NONINTOXICATING BEVERAGES
ATTORNEY GENERAL HENRY HAS RECEIVED YOUR LETTER OF APRIL 21, 1988 REGARDING THE STATUS OF 37 O.S. 231(3) (1981), AS IT APPLIES TO THE ADVERTISING OF NONINTOXICATING BEVERAGES. SPECIFICALLY, YOU ASK WHETHER THAT STATUTE PROHIBITS A RETAIL DEALER OF SUCH BEVERAGES FROM ADVERTISING A PARTICULAR BRAND OF "3.2 BEER" ON AN OUTSIDE SIGN IF NEITHER THE SIGN NOR ANY ADVERTISING MATERIAL PLACED IN THE SIGN IS FURNISHED BY A BREWER, IMPORTER, WHOLESALER, OR HOLDER OF A PERMIT FROM THE UNITED STATES TREASURY DEPARTMENT. THIS INFORMAL LETTER ONLY ADDRESSES THE IMPLICATIONS OF THAT STATUTE, AND DOES NOT ATTEMPT TO REVIEW ALL POTENTIAL AREAS OF REGULATION THAT MIGHT IMPLICATE A FULL RESPONSE TO THIS QUESTION, SUCH AS, FOR EXAMPLE, THE EFFECT THAT MUNICIPAL ORDINANCES MIGHT HAVE ON THE SUBJECT. 37 O.S. 231 STATES, IN THIS REGARD:
 "FROM AND AFTER SIXTY (60) DAYS FROM THE PASSAGE OF THIS ACT, IT SHALL BE UNLAWFUL FOR ANY PERSON, FIRM, CORPORATION, OR OTHERS ASSOCIATED THEREIN OR EMPLOYED THEREBY, ENGAGED IN BUSINESS AS A BREWER, IMPORTER, OR WHOLESALER, OR OTHER HOLDER OF A BASIC PERMIT FROM THE UNITED STATES SECRETARY OF THE TREASURY, OF NONINTOXICATING MALT BEVERAGES, INDIVIDUALLY OR THROUGH OR BY AFFILIATES, SUBSIDIARIES, ASSOCIATES, AGENTS, OR STOCKHOLDERS, DIRECTLY OR INDIRECTLY, TO DO OR CAUSE TO BE DONE ANY OF THE FOLLOWING ACTS:
 1. ACQUIRE, HOLD, OR OWN ANY INTEREST IN THE PERMIT, LICENSE, PREMISES, OR BUSINESS OF A RETAIL DEALER IN NONINTOXICATING MALT BEVERAGES.
 2. ACQUIRE, HOLD, OR OWN ANY INTEREST IN THE REAL OR PERSONAL PROPERTY OWNED, OCCUPIED, OR USED BY A RETAIL DEALER IN NONINTOXICATING MALT BEVERAGES IN THE CONDUCT OF HIS BUSINESS.
 3. FURNISH, GIVE, RENT, LEND, OR SELL TO A RETAIL DEALER IN NONINTOXICATING MALT BEVERAGES ANY EQUIPMENT, FIXTURE, OUTSIDE SIGNS, SUPPLIES, OR OTHER THINGS HAVING A REAL AND SUBSTANTIAL VALUE. PROVIDED THAT THIS PARAGRAPH SHALL NOT BE CONSTRUED TO PROHIBIT THE FURNISHING OF NORMAL POINT OF PURCHASE ADVERTISING MATTER TO SUCH RETAIL DEALER IN NONINTOXICATING MALT BEVERAGES.
 4. PAY OR CREDIT A RETAIL DEALER IN NONINTOXICATING MALT BEVERAGES FOR ANY ADVERTISING DISPLAY OR DISTRIBUTION SERVICE.
 5. GUARANTEE OR PROCURE ANOTHER TO GUARANTEE ANY LOAN OR THE PAYMENT OF ANY FINANCIAL OBLIGATION OF A RETAIL DEALER IN NONINTOXICATING MALT BEVERAGES.
 6. EXTEND CREDIT TO A RETAIL DEALER IN NONINTOXICATING MALT BEVERAGES.
 7. OFFER OR GIVE ANY BONUS, PREMIUM, OR COMPENSATION TO AN OFFICER, EMPLOYEE, ASSOCIATE, RELATIVE, OR REPRESENTATIVE OF A RETAIL DEALER IN NONINTOXICATING MALT BEVERAGES.
 8. SELL, OFFER FOR SALE, OR CONTRACT TO SELL TO ANY RETAIL DEALER IN NONINTOXICATING MALT BEVERAGES ANY MALT BEVERAGES ON CONSIGNMENT, OR WITH THE PRIVILEGE OF RETURN, OR ON ANY BASIS OTHER THAN A BONA FIDE CASH SALE.
 9. USE OR EMPLOY ANY DEVICE OR SCHEME TO SUBSIDIZE IN ANY MANNER ANY RETAIL DEALER IN NONINTOXICATING MALT BEVERAGES.
 10. PERMIT ANY RETAIL DEALER IN NONINTOXICATING MALT BEVERAGES TO DO FOR SUCH BREWER, IMPORTER, WHOLESALER, OR OTHER HOLDER OF A BASIC PERMIT FROM THE UNITED STATES SECRETARY OF THE TREASURY, OF ACTS HEREBY MADE UNLAWFUL TO BE DONE ON BEHALF OF SUCH RETAIL DEALER IN NONINTOXICATING MALT BEVERAGES."
THIS STATUTE WAS INITIALLY ADOPTED INTO LAW IN 1947, AND HAS REMAINED UNCHANGED SINCE THAT TIME. SEE OKLA. SESS. LAWS 1947, P. 297, 1. THE TITLE OF THE ACT MADE IT QUITE CLEAR THAT ITS TERMS WERE DESIGNED TO PREVENT "SUBSIDIZING IN THE BUSINESS OF DEALING IN NON-INTOXICATING MALT BEVERAGES." ID
THERE ARE, HOWEVER, NO PUBLISHED APPELLATE CASES CONSTRUING THIS SECTION.
FROM A PLAIN READING OF THIS STATUTE, IT IS FAIRLY EVIDENT THAT ITS INTENT WAS TO PREVENT THE CONTROL OF RETAIL DEALERS IN THESE BEVERAGES BY OTHER COMPONENTS OF THE INDUSTRY. THE SCENARIO PRESENTED IN YOUR QUESTION, HOWEVER, PRESUMES THAT SUCH IS NOT THE CASE, AND THAT THERE IS NO NEXUS BETWEEN THE ADVERTISING GOING ON AND ANY FUNDING OR SUPPORT OF SAME BY A MEMBER OF ONE OF THE PROHIBITED CLASSES SET FORTH IN THE LAW. THIS STATUTE DOES NOT APPEAR TO HAVE ANY IMPACT UPON THE SPECIFIC TYPE OF SITUATION INDICATED BY YOU IN YOUR LETTER. WHEN THE LAW IS PLAIN ON ITS FACE AS TO ITS INTENT, THERE IS NO NEED TO RESORT TO RULES OF STATUTORY CONSTRUCTION, AS THE STATUTE WILL BE GIVEN A MEANING AS STATED BY ITS PLAIN VERBIAGE. CAVE SPRINGS PUBLIC SCHOOL DISTRICT NO. I-30. ADAIR COUNTY V. BLAIR, 613 P.2D 1046 (OKLA. 1980).
HOWEVER, IN THIS REGARD, I FEEL OBLIGATED TO ADD THAT ANY ALLEGED VIOLATION OF THE TERMS OF THIS STATUTE WOULD HAVE TO BE REVIEWED AS TO THE FACTS THEN PRESENT, BEFORE ANY ADVICE AS TO THE LEGALITY OF ANY SPECIFIC ACTIVITY IN QUESTION COULD LEGITIMATELY BE MADE. DUE TO THE FACT THAT ANY ANSWER TO YOUR INQUIRY WOULD HAVE TO BE QUALIFIED, AND DEPENDENT UPON THE FATS THAT WOULD BE PRESENT IN A GIVEN CASE, NO FORMAL OPINION IS BEING ISSUED. PLEASE UNDERSTAND THAT THIS LETTER, IN THIS VEIN, DOES NOT CONSTITUTE A BINDING, FORMAL OPINION OF THE ATTORNEY GENERAL.
(MICHAEL SCOTT FERN)